**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

|  |  |  |
|---|---|---|
|  | ) |  |
| **IN RE AMERICAN ITALIAN PASTA** | ) | **Consolidated Civil Action No.** |
| **COMPANY SECURITIES** | ) | **05-CV-0725-W-ODS** |
| **LITIGATION** | ) |  |
|  | ) |  |

**ORDER OF DISTRIBUTION OF PROCEEDS FROM THE AIPC SETTLEMENT[1]**

Upon consideration of the Lead Plaintiff's Motion For Distribution of Proceeds

From The AIPC Settlement, the Affidavit of Michelle M. La Count, Esq., In Support Of

Lead Plaintiff's Motion For Distribution of Proceeds From The AIPC Settlement, the

comments of counsel during a hearing held earlier today, the Court has determined that:

1.  The determinations made by the claims administrator of the AIPC Settlement, A.B. Data Ltd. ("A.B. Data"), concerning the acceptance and rejection of claims, as well as A.B. Data's guidelines and methodology for approving claims, calculating Recognized Losses, and determining applicable *pro rata* shares, all of which is set forth in the Affidavit of Michelle M La Count, Esq. In Support Of Lead Plaintiff's Motion For Distribution of Proceeds From AIPC Settlement, dated July 15, 2008 ("La Count Affidavit"), at Paragraphs 6, 29-31 and 38, are appropriate and shall be applied.

2.  Distributions from the Net Settlement Fund, which is comprised of cash ("Net Settlement Cash") and common shares of AIPC ("Net Settlement Securities"), to members of the Class and Stub Period Class who filed timely and valid claims ("Authorized Claimants"), shall be made on a *pro rata* basis determined by A.B. Data. A. B. Data will distribute *pro rata* shares of the Net Settlement Cash, and information concerning the distribution of *pro rata* shares of the Net Settlement Securities, by mailing a packet of information ("Distribution Packet") to Authorized Claimants.

---

[1]This Order is in substantially the same form as proposed by counsel. The only significant change is the addition of a new provision discussed during the hearing, which appears as numbered paragraph three.

3.	The Net Settlement Cash shall include the balance of the Litigation Fund created to help defray costs of continued litigation against the sole remaining defendant. At today's hearing, counsel confirmed this balance is $393,447.10. If the cost of including this sum in the distribution is excessive, the issue may be presented to the Court for further consideration.

4.	In the event that Distribution Packets, which will consist of the *pro rata* Net Settlement Cash distribution check, check cover letter, and information concerning the transfer of the *pro rata* Net Settlement Securities, are returned to A.B. Data (as undeliverable or for any other reason), A.B. Data shall make a good faith effort to identify the current address and re-send.

5.	Authorized Claimants whose *pro rata* share of the Net Settlement Cash is $15.00 or less shall not be provided with any distribution from the Net Settlement Cash and shall be sent a letter by A.B. Data to this effect.

6.	Authorized Claimants whose *pro rata* share of the Net Settlement Securities is one share or less shall not be provided with any distribution from the Net Settlement Securities and shall be sent a letter by A.B. Data to this effect.

7.	The Net Settlement Cash shall be distributed by A.B. Data in accordance with the Stipulation of Settlement. Authorized Claimants shall be given 90 days to cash checks drawn from the Net Settlement Fund. Such 90-day period shall commence on the date that the Distribution Packet containing the check was initially issued by A.B. Data. After 90 days, the check shall be deemed void. Such checks shall bear the words "VOID IF NOT CASHED WITHIN 90 DAYS OF ISSUANCE."

8.	To the extent that any checks in excess of $500 are not cashed after 90 days, A.B. Data shall contact the recipient to determine the reason for such failure. If a more current address is identified, A.B. Data will reissue the check and forward the Distribution Packet to that address. The recipient shall be given 30 days to cash the reissued check, after which it shall be deemed void. Such reissued checks shall bear the words "VOID AND SUBJECT TO REDISTRIBUTION OR CHARITABLE DONATION IF NOT CASHED WITHIN 30 DAYS," however, all such reissued checks must have void dates no later than 150 days from the date of the initial distribution.

9.	The Net Settlement Securities shall be distributed in accordance with the Stipulation of Settlement. Ten days after this Order become Final (as that term is defined in the Stipulation of Settlement), AIPC shall transfer the Net Settlement Securities to the qualified settlement fund that was created in connection with this settlement (the "American Italian Pasta Securities Settlement Fund").

10.	A.B. Data shall provide the *pro rata* share quantities for each Authorized Claimant, along with the claimant's name, address and taxpayer identification

2

number, to AIPC's transfer agent.  Such transfer agent shall, upon the direction of A.B. Data, thereafter make book entry transfers of the identified *pro rata* Net Settlement Securities from the American Italian Pasta Securities Settlement Fund to Authorized Claimants.

11.    In the event that state law concerning stock distribution (a so-called "blue sky law"), for the state in which an Authorized Claimant resides, makes the book entry transfer of such Authorized Claimants *pro rata* share of the Net Settlement Securities impractical, A.B. Data shall have the authority to liquidate such shares and forward the proceeds to the Authorized Claimant.

12.    A.B. Data shall include in each Authorized Claimant's Distribution Packet a letter indicating how many shares have been transferred by book entry and how those shares can be accessed through the transfer agent.  In the event of blue-sky-related liquidation (as discussed above in Paragraph 10), A.B. Data shall explain why liquidation was required and that the proceeds of such liquidation shall be sent promptly.

13.    All costs related to the distribution of the Net Settlement Securities, including all costs incurred by A.B. Data and AIPC's transfer agent with respect to such distribution, shall be borne by AIPC

14.    In the event that either (i) the Distribution Package is returned as undeliverable or otherwise to the Settlement Administrators, and a forwarding address can't be located after good faith efforts as set forth above or (ii) the Distribution Package is returned to the Settlement Administrator because the claimant no longer exists or rejects the payment, then, Lead Plaintiff, upon notice to AIPC's transfer agent, shall seek entry of an order voiding the allocation of Net Settlement Shares and directing that such shares be sold and that the proceeds be added to any remaining Settlement Cash.

15.    A.B. Data shall be paid $55,341.02 for its outstanding fees and expenses incurred and to be incurred.

16.    All persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action, and all persons who were involved in the administration or taxation of the Net Settlement Fund, are released from any liability from any and all claims arising out of such activities.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: August 5, 2008                    UNITED STATES DISTRICT COURT

3