**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| IN RE AMERICAN ITALIAN PASTA COMPANY SECURITIES LITIGATION | Consolidated Civil Action No. 05-CV-0725-W-ODS |

## JUDGMENT AND ORDER OF DISMISSAL

This matter came on for hearing on August 5, 2008 and upon the application of Lead Plaintiff and defendant Ernst & Young LLP ("Ernst") (Lead Plaintiff and Ernst are collectively referred to as the "Settling Parties") for approval of the settlement set forth in the Stipulation of Settlement with Defendant Ernst & Young LLP (the "Stipulation" or "Ernst Settlement") dated as of May 12, 2008. Due and adequate notice having been given to the Class and Stub Period Class, and the Court having considered the Stipulation, all papers filed and proceedings held herein and all oral and written comments received regarding the proposed settlement, and having reviewed the entire record in the action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court, for purposes of this Judgment and Order of Dismissal with prejudice (the "Judgment"), adopts all defined terms as set forth in the Stipulation, and incorporates them herein by reference as if fully set forth.

2. The Court has jurisdiction over the subject matter of this Action, Lead Plaintiff, Class Members, Stub Period Class Members, and Defendant Ernst.

3. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Remaining Claims in Class Action (the "Notice") and publication of the Summary Notice of Pendency and Proposed Settlement of Remaining Claims in Class Action

("Summary Notice") was effected in accordance with the Order Preliminarily Approving Settlement and Scheduling Settlement Hearing, dated May 20, 2008 (the "Preliminary Order of Approval"), and (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class and Stub Period Class; (ii) was reasonably calculated, under the circumstances, to apprise Class Members and Stub Period Class Members of the pendency of the Action, the effect of the Stipulation, the release of rights contained in the Stipulation, and the right to appear at the Settlement Hearing; and (iii) fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, the Private Securities Litigation Reform Act of 1995, and any other applicable law.

4. Pursuant to and in accordance with the requirements of Rules 23 of the Federal Rules of Civil Procedure, the Court approves the Ernst Settlement set forth in the Stipulation, including specifically, without limitation, the sum to be paid by Ernst to the Class and Stub Period Class ("Settlement Amount"); the Releases set forth therein; and the dismissal, with prejudice, of all the Released Claims against the Released Parties set forth herein as fair, just, reasonable and adequate. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

5. All of the Released Claims are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation. Regardless of whether or not a Member of the Class or Stub Period Class receives any distributions from the Ernst Settlement or executes and delivers the Proof of Claim and Release provided for in the Stipulation, each and all Class Members and Stub Period Class Members, on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have fully, finally, and forever released, relinquished and discharged all of the Released Parties from the Released Claims.

6. For purposes of this Order, and as defined in the Stipulation, the term "Released Claims" shall collectively mean all claims (including Unknown Claims) demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, including violations of any local, state, federal, or foreign statutes, rules, regulations, common law, or other law, by or on behalf of the Lead Plaintiff, the Class, the Stub Period Class, or any member of the Class or Stub Period Class, against any of the Released Parties which are in any way based upon or related to: (a) the purchase or acquisition of AIPC common stock by any member of the Class during the Class Period (whether on the open market or otherwise) or Stub Period Class during the Stub Period (whether on the open market or otherwise); (b) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act and/or to supervise which were alleged in the Action, and (c) the facts which were alleged in any papers filed in the Action. However, Released Claims shall not include claims alleged in the Pending Shareholder Derivative Action.

7. For purposes of this Order, and as defined in the Stipulation, the term "Released Parties" shall mean each and every one of the following: defendant Ernst and all current and former entities owned, affiliated or controlled by it, and each of its respective current and former agents, partners, principals, employees, consultants, insurers, attorneys, advisors, successors, heirs, assigns, executors, personal representatives, marital communities and immediate families.

8. By operation of this Judgment, Lead Plaintiff, Class Members, Stub Period Class Members, and Lead Counsel are fully, finally and forever released and discharged from all claims, including Unknown Claims, that any of the Released Parties have, had or may have that arise out of, relate to or are based in any way upon the institution, prosecution, assertion or resolution of this Action or the Released Claims.

3
Case 4:05-cv-00725-ODS   Document 404   Filed 09/02/08   Page 3 of 8

9. In accordance with 15 U.S.C. § 78u-(f)(7)(A) and (B), the Court finds that the Stipulation represents a good faith settlement of all Released Claims of all Class Members and Stub Period Class Members sufficient to discharge Ernst and the Released Parties of all Released Claims of Class Members and Stub Period Class Members. In order to effectuate such settlement, the Court hereby enters the following bar:

(i) Each of the Defendants other than Ernst (the "AIPC Defendants") are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against the Released Parties (or any other claim against the Released Parties where the injury is such AIPC Defendant's liability to Class Members or Stub Period Class Members, including any amounts such AIPC Defendant has paid or agreed to pay (whether in cash or any other form of consideration) to the Class Members or Stub Period Class Members in settlement), arising out of the claims or allegations in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere;

(ii) Each of the Released Parties is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against any of the AIPC Defendants (or any other claim against any AIPC Defendant where the injury to the Released Party is its liability to the Class Members or Stub Period Class Members, including any amounts the Released Party has paid or agreed to pay (whether in cash or any other form of consideration) to the Class Members or Stub Period Class Members in settlement), arising out of the claims or allegations in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere.

10. Only those Class Members and Stub Period Class Members who satisfy the requirements for filing claims set forth in the Notice shall be entitled to receive any distributions from the Ernst Settlement. Class and Stub Period Class Members who did not previously file a proof of claim in connection with the partial settlement approved by Court Order dated February 12, 2008, and who wish to receive a distribution from the Ernst Settlement shall execute a Proof of Claim and Release that shall contain a release whereby all Released Parties will be released from all Released Claims. The Proof of Claim and Release shall be substantially in the form and

content of Exhibit B to the Preliminary Order of Approval. All Class Members and Stub Period Class Members shall be bound by the releases whether or not they submit, or have submitted, a valid and timely Proof of Claim and Release.

11. Neither Ernst, nor its counsel, shall have any responsibility for, interest in, or liability whatsoever with respect to: (a) the provisions of the Notice, locating Class Members and Stub Period Class Members, soliciting claims or claims administration; (b) the investment, management or distribution of the Settlement Amount; (c) the design, administration or implementation of the Plan of Allocation; (d) the determination or administration of taxes; or (e) any expenses, costs, or losses incurred in connection with (a), (b), (c), or (d). No person shall have any claim of any kind against Ernst, or its counsel, with respect to the matters set forth in this paragraph.

12. The Court finds and concludes that during the course of this Action, Ernst, Lead Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No such party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints. The Court further finds that Lead Plaintiff and Lead Counsel adequately represented the Class Members and Stub Period Class Members for purposes of entering into and implementing the Settlement.

13. All Class Members and Stub Period Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon any Released Claims, including,

but not limited to, any claim that is based upon, arises out of or relates to the Action or the transactions and occurrences referred to in the Amended Complaint for Class and Derivative Claims ("Amended Complaint"). All Class Members and Stub Period Class Members are likewise barred and enjoined from organizing any Members of the Class or Stub Period Class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include Class or Stub Period Class allegations, or by seeking Class or Stub Period Class certification in a pending action) any lawsuit that is based upon any Released Claims, including, but not limited to, any claim that is based upon, arises out of or relates to the Action or the transactions and occurrences referred to in the Amended Complaint. Nothing in this provision, however, shall be construed to bar or enjoin any claim alleged in the Pending Shareholder Derivative Action.

14. The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable and equitable.

15. The Settlement Administrator and Lead Counsel shall take all necessary steps and employ their best efforts to ensure that the proposed Order of Distribution is promptly filed with the Court.

16. Lead Counsel is hereby awarded 25% of the Settlement Amount in fees for services rendered in connection with prosecution of this litigation, and $106,003.96 of the Settlement Amount as reimbursement for expenses, to be paid consistent with Paragraphs 28-33 of the Stipulation.

17. Pursuant to Paragraph 27A(2)(b)(4) of the Private Securities Litigation Reform Act of 1995, Lead Plaintiff is hereby granted a Compensatory Award of $6,480.00 from the Settlement Amount, to be paid consistent with Paragraphs 28-33 of the Stipulation.

18. The Court reserves exclusive and continuing jurisdiction over this Action, the Lead Plaintiff, the Class, the Stub Period Class and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) supervising the distribution of the Settlement Amount.

19. The Court authorizes the Settling Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Stipulation and all exhibits attached thereto as (*i*) are not materially inconsistent with this Judgment and (*ii*) do not materially limit the rights of Class Members or Stub Period Class Members under the Stipulation.

20. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Released Parties may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith Settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

22. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: September 2, 2008                  UNITED STATES DISTRICT COURT