IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE AMERICAN ITALIAN PASTA COMPANY SECURITIES LITIGATION | Consolidated Civil Action No. 05-CV-0725-W-ODS |

## ORDER GRANTING MOTION FOR DISTRIBUTION OF PROCEEDS OF THE AIPC AND ERNST SETTLEMENTS

Upon consideration of the Lead Plaintiff's Motion for Distribution of Proceeds of the AIPC and Ernst Settlements, and the Affidavit of Michelle M. La Count, Esq. in Support of Lead Plaintiff's Motion for Distribution of Proceeds of the AIPC and Ernst Settlements, and good cause appearing, the Court has determined that:

AIPC's transfer agent is authorized to identify to the claims administrator for the AIPC Settlement, A.B. Data Ltd. ("A.B. Data"), those claimants who do not appear to have taken ownership of their AIPC stock. Based upon this list, A.B. Data shall send a letter to such claimants informing them that they must express a desire to retain such shares within thirty (30) days and that failure to do so will result in forfeiture of those shares.

1. Members of the Class and Stub Period Class who did not cash the checks they received pursuant to the distribution of the AIPC Settlement proceeds, and who have not moved the shares of AIPC stock they received pursuant to that distribution into their own brokerage account, and who do not indicate in response to the above-referenced letter from A.B. Data that they desire to retain their allocation of AIPC stock, are deemed to have no desire to claim such shares, have waived their right to such shares, and such shares are considered unclaimed.

2. AIPC's transfer agent is hereby authorized to transfer all unclaimed shares of AIPC, which shall be identified by A.B. Data, to the *In re American Italian Pasta Company Securities Litigation* account, which is maintained by such transfer agent.

3. Following such transfer, A.B. Data is authorized to liquidate those shares within seven days of receipt and to distribute the cash obtained from such liquidation, plus the value of all unclaimed checks drawn against the AIPC Settlement Fund, plus any refunded taxes paid by the AIPC Settlement Fund, and all monies remaining in the Litigation Fund that was created through the proceeds of the AIPC Settlement Fund (collectively the "Unclaimed Portion of the AIPC Settlement"), pursuant to the plan of allocation previously ordered with respect to the Ernst Settlement.

4. AIPC's transfer agent, AIPC, Lead Plaintiff, Lead Counsel, and A.B. Data are released from any and all claims that might be asserted against them in connection with the above-referenced transfer and liquidation of unclaimed AIPC shares.

5. The determinations made by the claims administrator of the Ernst Settlement, A.B. Data, concerning the acceptance and rejection of claims (including the determination that the lateness of certain claims shall not be deemed a deficiency), as well as A.B. Data's guidelines and methodology for approving claims, calculating Recognized Losses, and determining applicable *pro rata* shares, all of which are set forth in the Affidavit of Michelle M. La Count, Esq. in Support of Lead Plaintiff's Motion for Distribution of Proceeds of the AIPC and Ernst Settlements dated August 7, 2009 ("La Count Affidavit") are appropriate and shall be applied for purposes of distributing the Ernst Settlement Fund and the Unclaimed Portion of the AIPC Settlement. A.B. Data shall inform the Court, no later than September 3, 2009, if A.B. Data receives any timely requests for Court review of these determinations.

6. A.B. Data shall distribute such proceeds by mailing a check that includes relevant explanatory information to members of the Class and Stub Period Class who filed timely and valid claims ("Authorized Claimants"). A.B. Data shall not distribute to any Authorized Claimant who pro rata share is $15.00 or less. All individuals and entities that did not cash their AIPC Net Settlement Fund distribution checks shall be excluded from this distribution. Additionally, Authorized Claimants shall be given 60 days to cash checks they receive and such checks shall bear the words "VOID IF NOT CASHED WITHIN 60 DAYS OF ISSUANCE."

7. To the extent that checks are returned as undelivered, A.B. Data will make a good faith effort to identify the current address and remail. To the extent that any checks in excess of $500 are not cashed after 60 days, A.B. Data will contact the Authorized Claimant to determine the reason for such failure. Where appropriate, A.B. Data will reissue the check to a verified address. The Authorized Claimant will be given up to 30 days to cash the reissued check, after which it will be deemed void and subject to donation as described below. Such reissued checks will bear the words "VOID AND SUBJECT TO REDISTRIBUTION OR CHARITABLE DONATION IF NOT CASHED WITHIN 30 DAYS," however, all such reissued checks shall have a void date no later than 120 days from the date of the initial distribution.

8. A.B. Data shall be paid $22,581.74 for outstanding fees and expenses already incurred, and those to be incurred, as well as up to $5,000.00 in fees and expenses that will be accrued by A.B. Data in relation to the liquidation of the unclaimed Net Settlement Securities, which shall be paid at the discretion of Lead Counsel.

9. All persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action, and all persons who were

involved in the administration or taxation of the Ernst Net Settlement Fund, are released from any liability from any and all claims arising out of such activities.

10. All paper copies of claim forms may be destroyed one year after the initial distribution date for checks issued from the Ernst Net Settlement Fund and all electronic copies of claim forms may be destroyed three years after the initial distribution date.

11. In the event that either (i) checks are returned as undeliverable or otherwise to A.B. Data, and a forwarding address cannot be located after good faith efforts as set forth above or (ii) checks are returned to A.B. Data because the claimant no longer exists or rejects the payment, then, Lead Plaintiff may instruct A.B. Data to transfer 50% of such remaining monies to Legal Aid of Western Missouri, and the remaining 50% to the Operation Breaktrhough, so long as neither donation is in excess of $100,000.

12. All claims received by A.B. Data after August 7, 2009, shall be rejected.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: October 23, 2009 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, JUDGE<br>UNITED STATES DISTRICT COURT |